```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


UNITED STATES OF AMERICA,     :    NO. 1:08-CR-00039(2)
                              :
                              :
     v.                       :
                              :    OPINION AND ORDER
                              :
DARRYL KINDER.                :
                              :
```

This matter is before the Court on Defendant's Motion to Dismiss Under Rule 12(b)(2) (doc. 96), the government's Response (doc. 98), and Defendant's Reply (doc. 99). For the reasons indicated herein the Court DENIES Defendant's motion.

Defendant entered a plea of guilty in 2008 to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2, as well as possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. In the statement of facts, which Defendant signed, he acknowledged that he was involved in selling crack cocaine at his residence in Wilmington, Ohio, and that there were a number of firearms in the house (doc. 51). The Court sentenced Kinder to 60 months of imprisonment on each count to run consecutively, with five years of supervised release to follow.

Defendant now moves for post-conviction relief based under Fed. R. Crim P. 12(b)(2) based on the theory that the Court

lacks subject matter jurisdiction over the case (doc. 96). The government responds that Rule 12(b)(2) is no longer in effect and that the applicable Rule 12(b)(3)(B) only provides for pre-trial motions (doc. 98). The government further responds that Defendant's motion falls within the scope of 28 U.S.C. § 2255, but the statute of limitations ran on March 19, 2010, such that his motion is time-barred (Id.).

Defendant replies that subject matter jurisdiction can always be questioned because it involves a court's power to hear a case (doc. 99, citing United States v. Cotton, 535 U.S. 625, 630 (2002)). Defendant contends that correction is mandatory whether the error was raised in court or not (Id.).

Having reviewed this matter the Court finds the government's position well-taken that Defendant's motion is really a Section 2255 motion that is out of time. Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012)("If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner"). However, the Court nonetheless finds it appropriate to indicate that the record indisputably shows the Court did have subject matter jurisdiction over this case. As Justice Holmes stated in Lamar v. United States, 240 U.S. 60 at 65 (1916), a district court "has jurisdiction of all crimes cognizable under the authority of the United States." Defendant here plead guilty to two crimes in

violation of federal statutes created by Congress under the authority of the United States. The Court was within its authority to hear Defendant's case, which arose in the Southern District of Ohio.

Accordingly the Court DENIES Defendant's Motion to Dismiss Under Rule 12(b)(2) (doc. 96).


SO ORDERED.

Dated: August 14, 2013          s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge