UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :  NO. 1:08-CR-00039(2)
                           :
                           :
     v.                    :
                           :  **OPINION AND ORDER**
                           :
DARRYL KINDER.             :
                           :

This matter is before the Court on Petitioner's Motion to Reconsider (doc. 117), the government's Response in Opposition (doc. 119), and Petitioner's Response (doc. 120). For the reasons indicated herein, the Court TRANSFERS Petitioner's motion to the Sixth Circuit Court of Appeals as a successive Petition.

Petitioner entered a plea of guilty in 2008 to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2, as well as possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. In the statement of facts, which Petitioner signed, he acknowledged that he was involved in selling crack cocaine at his residence in Wilmington, Ohio, and that there were a number of firearms in the house (doc. 51). The Court sentenced Kinder to 60 months of imprisonment on each count to run consecutively, with five years of supervised release to follow.

The instant motion is the latest in a string of motions in which Petitioner challenges the Court's subject matter

jurisdiction over his criminal conviction in the Southern District of Ohio. Petitioner cites case law in alleging the Court was mistaken "in determining how a Court determines if it has jurisdiction," (doc. 117), when his own plea and statement of facts ostensibly establish as much (docs. 51, 52).

The government responds that Petitioner's motion is merely a successive Section 2255 motion, for which Petitioner must seek permission from the appeals court in advance of filing (doc. 119). In any event, the government contends Petitioner has already raised the issue of subject matter jurisdiction, and the Court already addressed and rejected such claim (_Id_.). In a spirited response, Petitioner claims the government has failed to address the merits of his argument, that the "showing of jurisdiction was nothing more than a conclusory statement," and that the Court relied on dicta in a case that has been overruled (doc. 120).

Having reviewed this matter, the Court finds well-taken the government's position that Petitioner's motion constitutes a successive Section 2255 motion. As such, this Court cannot consider the motion absent authorization from the Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

Accordingly the Court TRANSFERS Defendant's Motion (doc. 117) to the Sixth Circuit Court of Appeals as it is a successive petition.

SO ORDERED.

Dated: June 10, 2014         s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge